IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DOROTHY MERRIFIELD, et al., | HON. JEROME B. SIMANDLE |
| Plaintiff, | Civil No. 07-987 (JBS) |
| v. | |
| UNITED STATES OF AMERICA, et al., | **OPINION** |
| Defendants. | |

APPEARANCES:

Michael Francis Lombardi, Esq.
LOMBARDI & LOMBARDI, P.A.
1862 Oak Tree Road
P.O. Box 2065
Edison, NJ 08818-2065

Tamara Lynn Ulrich, Trial Attorney
U.S. DEPARTMENT OF JUSTICE
Civil Division
Federal Programs Branch
20 Massachusetts Avenue, Room 7202
Washington, DC 20530

**SIMANDLE**, District Judge:

I.  **INTRODUCTION**

This matter is before the Court on a motion submitted by Plaintiffs Dorothy Merrifield ("Merrifield") and Marie A. Burke ("Burke") to vacate this Court's March 31, 2008 order dismissing their claims pursuant to Rule 60(b), Fed. R. Civ. P. [Docket Item 27].  On March 31, 2008, the Court dismissed Plaintiffs' suit, which arose under the Medicare Act, for lack of subject matter jurisdiction.  Merrifield v. United States, No. 07-987, 2008 WL 906263 (D.N.J. Mar. 31, 2008).  Plaintiff Merrifield, the Court

found, had failed to exhaust her administrative remedies and the Court declined to waive that exhaustion requirement. Id. at *14-17. The Court dismissed Plaintiff Burke's claim as moot. Id. at *17-18. Merrifield and Burke now argue that Defendants' conduct following this Court's March 31, 2008 Opinion and Order warrants vacating the order of dismissal and reinstating their Complaint. For the reasons discussed below, the Court will deny Plaintiffs Merrifield and Burke relief from the order of dismissal.

## II.  BACKGROUND

### A.  Previous Litigation and Judgment

Plaintiffs Merrifield and Burke were two of five named plaintiffs in a putative class action brought against Defendants, the United States of America, the Department of Health and Human Services ("HHS"), the Centers for Medicare and Medicaid Services ("CMS"), the Secretary of HHS and the Acting Administrator of CMS.  Plaintiffs were all New Jersey residents for whom Medicare paid medical expenses after they suffered personal injuries in accidents.  Plaintiffs alleged that Defendants wrongfully, and in violation of Plaintiffs' constitutional due process rights, demanded reimbursement for those medical expenses pursuant to a "secondary payer" provision in the Medicare Act, 42 U.S.C. § 1395y(b)(2)(B).  Plaintiffs argued that CMS was not entitled to reimbursement under the Medicare as a secondary payer ("MSP") provision because Plaintiffs' medical expenses were not covered

by any other source, despite Plaintiffs' lump sum settlement agreements with their alleged tortfeasors.  Under New Jersey law, tortfeasors may not be held liable for the costs of any medical expenses Medicare has already paid, N.J. Stat. Ann. § 2A:15-97, and therefore Plaintiffs' settlements did not include any money for medical expenses that had been paid by Medicare.

Defendants moved to dismiss Plaintiffs' class complaint in its entirety, pursuant to Rule 12(b)(1), Fed. R. Civ. P., and the Court granted that motion.  After finding no federal question jurisdiction to review Plaintiffs' claims because administrative agency review was available, the Court considered whether jurisdiction existed under 42 U.S.C. § 405(g) for claims that arise under Medicare.  The Court dismissed Plaintiff Merrifield's claims (along with the claims of the plaintiffs Oberlander, Heiser, and Kiziukiewicz) because she had not exhausted her administrative remedies and the Court declined to waive that Section 405(g) requirement. Merrifield, 2008 WL 906263, at *14-17.  The Court dismissed Plaintiff Burke's claim as moot, for an Administrative Law Judge ("ALJ") had already ordered CMS to refund Burke the amount she had repaid, even though the Court noted that Burke had refused the refund "because, among other reasons, it did not include statutory interest or attorneys' fees." Id. at *4, 17-18.

### B. Present Motion to Vacate Judgment Pursuant to Rule 60(b)

Plaintiffs Merrifield and Burke now seek relief from judgment on two different grounds.  Plaintiff Burke argues that her claims should be reinstated because Defendants continue to refuse to provide her with judgment interest on the money the ALJ ordered CMS to return.  Defendants respond that Burke is not entitled to interest from the United States, absent an express waiver, and further that Burke's arguments are not sufficient grounds for relief from judgment.

Plaintiff Merrifield maintains that the order of dismissal should be vacated because "the Government has done absolutely nothing" to provide a proper administrative remedy.  (Garelick Certification ¶ 24.)  Defendants respond with evidence that Merrifield has not authorized counsel Paul Garelick to represent her in administrative proceedings, (Wright Decl. ¶¶ 6-12, 19; Defs. Exs. 1-3), and that in July, 2008 CMS informed Mr. Garelick that his attempt to file an appeal on Ms. Merrifield's behalf was dismissed because he had not sought the proper administrative remedy, (Wright Decl. ¶¶ 15-18; Defs. Ex. 7).[1]

---

[1] For the first time on reply, Plaintiffs also presented argument and evidence regarding the plaintiffs Adele Oberlander and Linda French Heiser.  The Court agrees with Defendants that such argument cannot be considered where it is raised for the first time on reply.  See Bayer AG v. Schein Pharmaceutical, Inc., 129 F. Supp. 2d 705, 716 (D.N.J. 2001) (argument raised for first time in reply must be stricken).

4

## III. DISCUSSION

### A. Relief under Rule 60(b)

"The general purpose of Rule 60(b) is to strike a proper balance between the conflicting principles that litigation must be brought to an end and that justice must be done." Coltec Indus., Inc. v. Hobgood, 280 F.3d 262, 271 (3d Cir. 2002) (quoting Boughner v. Sec'y of Health, Educ. & Welfare, 572 F.2d 976, 977 (3d Cir. 1978)).  The interest in finality is profound and so "relief under Rule 60(b) is extraordinary and requires a 'showing of exceptional circumstances.'"  Rolo v. City Investing Co. Liquidating Trust, 155 F.3d 644, 654 (3d Cir. 1998) (quoting Marshall v. Bd. of Educ., 575 F.2d 417, 425-26 (3d Cir. 1978)), abrogation on other grounds recognized by Forbes v. Eagleson, 228 F.3d 471 (3d Cir. 2000).  Whether to grant a motion for relief from final judgment is left to the sound discretion of the trial court.  Hodge v. Hodge, 621 F.2d 590, 593 (3d Cir. 1980).

### A. Plaintiff Burke

For the reasons to be discussed, the Court will deny Plaintiff Burke's motion to vacate this Court's March 31, 2008 order of dismissal.  Burke seeks to reopen her claim pursuant to Rule 60(b), subsections (2) (newly discovered evidence), (3) (misconduct by opposing party) and (6) (any other reason that justifies relief).  In order to prevail on a Rule 60(b) motion, however, Plaintiff Burke must present a meritorious ground for

5

relief.  In re Nazi Era Cases Against German Defs. Litig., 236 F.R.D. 231, 238 (D.N.J. 2006); Lepkowski v. Dep't of Treasury, 804 F.2d 1310, 1314 (D.C. Cir. 1986).  The Court will not vacate final judgment, where such action would be futile.

Plaintiff Burke rests her motion on the Government's refusal to pay interest on the money it improperly collected from her, on the grounds that it would be unjust enrichment to permit CMS to retain a benefit from such conduct.  The Court is sympathetic to Burke's argument, but it is bound by case law and statute to conclude that interest is not available to Burke.  Though the Court, in passing, did suggest in its March 31, 2008 Opinion that the other plaintiffs in this action (whose claims were not found moot) would be entitled to interest on any money wrongfully collected, Merrifield, 2008 WL 906263, at *15, Defendants have now reminded the Court that generally the United States is immune from an award of interest unless such immunity is expressly waived by Congress.  Library of Congress v. Shaw, 478 U.S. 310, 314 (1986) ("In the absence of express congressional consent to the award of interest separate from a general waiver of immunity to suit, the United States is immune from an interest award."), reversed on other grounds by Section 114 of the Civil Rights Act of 1991; Morrison Knudsen Corp. v. Ground Improvement Techniques, Inc., 532 F.3d 1063, 1074 n.9 (10th Cir. 2008) (same); Richerson v. Jones, 551 F.2d 918, 925 (3d Cir. 1977) (same).  The Medicare

Act does expressly provide for interest to be paid by the Government in certain specific circumstances, see, e.g. 42 U.S.C. §§ 1395l(j) (interest on underpayment of benefits), 1395ff(b)(2)(iv) (interest to providers of services or suppliers who prevail on judicial review), but Plaintiff Burke has failed to identify any provision that would permit interest where the Government has wrongly collected money from an individual beneficiary under the MSP provision.  The MSP provision does not include the right to such interest, nor is there an applicable provision elsewhere in the Medicare Act.[2]  It is not within this Court's power to alter Medicare's statutory scheme, even if the Court so wished.  Equitable principles do not waive sovereign immunity.  Without the right to interest on the money wrongfully collected from her, Plaintiff Burke cannot successfully vacate final judgment based on the Government's refusal to pay interest.  The Court will, therefore, deny Plaintiff Burke's motion seeking relief from judgment.

    **C.    Plaintiff Merrifield**

The Court will deny Plaintiff Merrifield's motion to vacate the Court's March 31, 2008 Opinion and Order dismissing her

---

[2] Contrary to Plaintiff Burke's suggestion, 42 U.S.C. § 1935ff(b)(2)(iv) only authorizes the Government to pay interest to medical providers or suppliers if such parties prevail following judicial review, and not to an individual recipients of Medicare benefits.  Had Congress wished to permit payment of interest to individual beneficiaries in such circumstances, it could have so stated.

claims for failure to exhaust administrative remedies, because Merrifield has not shown exceptional circumstances warranting such relief under Rule 60(b). It does appear that CMS has done very little to facilitate review of its demand for reimbursement from Merrifield (for Merrifield has requested review, through her representative, albeit not at the appropriate level and without the appropriate representative authorization forms). Moreover, the Court agrees with Merrifield that the Government's argument that the delay is solely the result of Merrifield's failure to submit the necessary paperwork to authorize Mr. Garelick as her representative is somewhat disingenuous, because CMS has continued to communicate with Mr. Garelick regarding Ms. Merrifield's case and its most recent communication regarding Ms. Merrifield's appeal was directed solely to Mr. Garelick. Nevertheless, Merrifield's failure to take steps to authorize Mr. Garelick to represent her in the administrative process, and Mr. Garelick's error regarding the appropriate mechanism for appeal have also contributed to the delay.

The Court accepts CMS' representation that if Mr. Garelick provides documentation signed by Ms. Merrifield regarding his authority to represent her in administrative proceedings, they will facilitate review of her administrative claim. (Wright Decl. ¶ 19.) At this time, the Court will not exercise its discretion to vacate the order of dismissal. The Court will

therefore deny Plaintiff Merrifield's motion for relief from this Court's Opinion and Order of March 31, 2008 dismissing her claims for failure to exhaust administrative remedies.  If it subsequently becomes apparent, however, that expedited administrative review is unavailable for Merrifield's claims, Merrifield is free to renew her request for relief under Rule 60(b).[3]

**IV. CONCLUSION**

For the foregoing reasons, the Court will deny the motion for relief from judgment presented by Plaintiffs Burke and Merrifield.  The accompanying Order will be entered.


**June 30, 2009**                               **s/ Jerome B. Simandle**
Date                                            JEROME B. SIMANDLE
                                                United States District Judge

---

[3] CMS, through its attorney, has represented to this Court that once Mr. Garelick submits Ms. Merrifield's authorization of his representation, CMS will expedite its review of Merrifield's claim.  The Court is relying upon CMS' representation and good faith and will hold CMS to this promise.  If after 120 days following receipt of this formalistic authorization CMS has not acted upon Merrifield's administrative appeal despite representations of counsel in this two-year-old dispute, Merrifield may renew her motion to reopen this case under Rule 60.

9