IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| DOROTHY MERRIFIELD, et al., | : | HON. JEROME B. SIMANDLE |
| Plaintiff, | : | Civil No. 07-987 (JBS) |
| v. | : | |
| UNITED STATES OF AMERICA, et al., | : | **OPINION** |
| Defendants. | : | |

APPEARANCES:

Franklin P. Solomon
WEITZ & LUXENBERG, P.C.
210 Lake Drive East, Suite 101
Cherry Hill, NJ 08002

        - and -

Paul R. Garelick, Esq.
LOMBARDI & LOMBARDI, P.A.
1862 Oak Tree Road
P.O. Box 2065
Edison, NJ 08818-2065
        Attorneys for Plaintiffs

Tamara Lynn Ulrich, Trial Attorney
U.S. DEPARTMENT OF JUSTICE
Civil Division
Federal Programs Branch
20 Massachusetts Avenue, Room 7202
Washington, DC 20530
        Attorney for Defendants

**SIMANDLE**, District Judge:

I.   **INTRODUCTION**

     This matter is before the Court on a motion submitted by

Plaintiffs Dorothy Merrifield, Marie A. Burke, Adele Oberlander,

and Linda French Heiser ("Plaintiffs") to vacate pursuant to Rule

60(b), Fed. R. Civ. P. this Court's March 31, 2008 Order. [Docket Item 37]. On March 31, 2008, the Court dismissed Plaintiffs' suit, which arose under the Medicare Act, for lack of subject matter jurisdiction. Merrifield v. United States, No. 07-987, 2008 WL 906263 (D.N.J. Mar. 31, 2008). The Court found that Plaintiffs Merrifield, Oberlander and Heiser had failed to exhaust their administrative remedies and the Court declined to waive that exhaustion requirement. Id. at *14-17. The Court dismissed Plaintiff Burke's claim as moot. Id. at *17-18. This instant motion marks the second time that Plaintiffs Merrifield and Burke have moved to vacate the March 31, 2008 Order of Dismissal, previously so moving on December 23, 2008 [Docket Item 27], which the Court denied on June 30, 2009 [Docket Item 36]. All four Plaintiffs now argue that Defendants' continuing conduct warrants vacating the order of dismissal and reinstating their Complaint.

Plaintiff Heiser additionally moves, pursuant to Fed. R. Civ. P. 25, to substitute Plaintiff Heiser's surviving next of kin Jean Huston for Plaintiff Heiser, who passed away since the dismissal of this action. This motion will be granted.

For the reasons discussed below, the Court will deny Plaintiffs' motion to vacate. Although the litigation may not be reopened as to the claim of the late Linda French Heiser, the Court will grant the substitution of Jean Huston who will thus

succeed to Ms. Heiser's rights with respect to any further litigation herein or appeal.

## II.   BACKGROUND

### A.   Previous Litigation and Judgment

The facts underlying Plaintiffs' Complaint have been discussed in the Court's previous Opinions of March 31, 2008 and June 30, 2009, and will not be repeated in detail here. Plaintiffs originally filed their putative class action Complaint against Defendants, the United States of America, the Department of Health and Human Services ("HHS"), the Centers for Medicare and Medicaid Services ("CMS"), the Secretary of HHS and the Acting Administrator of CMS on March 1, 2007.  Plaintiffs alleged that Defendants wrongfully, and in violation of Plaintiffs' constitutional due process rights, demanded reimbursement for medical expenses paid initially by Medicare pursuant to a "secondary payer" provision in the Medicare Act, 42 U.S.C. § 1395y(b)(2)(B).

The Court dismissed Plaintiffs' class Complaint in its entirety, pursuant to Rule 12(b)(1), Fed. R. Civ. P.  After finding no federal question jurisdiction to review Plaintiffs' claims because administrative agency review was available, the Court considered whether jurisdiction existed under 42 U.S.C. § 405(g) for claims that arise under Medicare.  The Court dismissed

3

the claims of Plaintiffs Merrifield, Oberlander, Heiser because they had not exhausted their administrative remedies and the Court declined to waive that § 405(g) requirement.  <u>Merrifield</u>, 2008 WL 906263, at *14-17.  The Court dismissed Plaintiff Burke's claim as moot, for an Administrative Law Judge ("ALJ") had already ordered CMS to refund Burke the amount she had repaid. <u>Id.</u> at *4, 17-18.  Prior to dismissal, Plaintiffs had not moved to certify a class.

Nine months later, Plaintiffs Merrifield and Burke moved to vacate the order of dismissal.[1]  Plaintiff Burke argued that her claims should be reinstated because Defendants refused to provide her with judgment interest on the money the ALJ ordered CMS to return.  Plaintiff Merrifield argued that the dismissal Order should be vacated because she had not been given an administrative hearing on her dispute.  The Court denied Plaintiffs' motion, finding that because Plaintiff Burke was not entitled to judgment interest, her claim remained moot and that, while the delays Plaintiff Merrifield had experienced were troubling, they did not rise to the level of the exceptional circumstances warranting relief under Rule 60(b).  <u>Merrifield v.</u>

---

[1] Plaintiffs sought to include argument and evidence regarding Plaintiffs Oberlander and Heiser for the first time in their reply brief to the 2009 motion, which the Court declined to consider, citing <u>Bayer AG v. Schein Pharmaceutical, Inc.</u>, 129 F. Supp. 2d 705, 716 (D.N.J. 2001).  <u>Merrifield v. United States</u>, 2009 WL 1916328 at *2 n.1 (D.N.J. June 30, 2009).

<u>United States</u>, No. 07-987, 2009 WL 1916328 at *3-4 (D.N.J. June 30, 2009).  In an effort to prod CMS into more promptly addressing Plaintiff Merrifield's administrative claim, the Court noted that it was

> relying on CMS' representation and good faith and will hold CMS to this promise [to expedite the review of Merrifield's claim].  If after 120 days following receipt of this formalistic authorization CMS has not acted upon Merrifield's administrative appeal . . . Merrifield may renew her motion to reopen this case under Rule 60.

<u>Id.</u> at *4.

Approximately one year later, after apparently no change in their administrative appeals, Plaintiffs Merrifield and Burke, this time joined by Plaintiffs Oberlander and Heiser, have again moved to vacate the Court's March 31, 2008 Order in the instant motion under Rule 60(b).

**B.   Present Motion to Vacate Judgment Pursuant to Rule 60(b)**

When Plaintiffs again moved to vacate the Court's Order and reinstate their Complaint on June 10, 2010, they argued that relief under Rule 60(b) was necessary because, despite promises to the contrary, Defendant CMS had taken no action to resolve the complaints of any of the Plaintiffs.  The four moving Plaintiffs seek relief under Rule 60(b) for three different reasons.  As to Plaintiff Burke, who had exhausted her administrative claims and prevailed before an ALJ, CMS had not yet issued her a draft in

settlement of her claim.  (Pls.' Mot., Solomon Certification ¶
7.)  Plaintiffs Merrifield and Oberlander, who had not yet
exhausted their administrative claims, had still not been granted
any response to their requests to administratively resolve their
disputes with CMS.  (Id. ¶¶ 8-9.)  Finally, Plaintiff Heiser, who
passed away in 2009 and whose claims are being pursued by her
next of kin Jean Huston in this motion, seeks relief under Rule
60(b) on the grounds that further administrative exhaustion is
impossible because her administrative appeal was dismissed in
2008 as untimely filed.  (Id. ¶ 10.)

        Apparently after receiving notice of Plaintiffs' instant
motion and prior to filing opposition on July 6, 2010, Defendants
acted to resolve the complaints of Plaintiffs Burke, Merrifield
and Oberlander.  On June 28, 2010, Defendant CMS issued a check
to Plaintiff Burke for the full amount she had been found due by
the ALJ.  (Defs.' Opp. Ex. A.)  On July 2, 2010, CMS granted
Plaintiff Merrifield a waiver of recovery for her contested
Medicare payment.  (Defs.' Opp. Exs. E & F.)  On July 6, 2010,
CMS similarly granted Plaintiff Oberlander a waiver for her
contested payment and promised to issue a check for the full
amount contested within 30 days.  (Defs.' Opp. Exs. G & H.)

        With respect to Plaintiff Heiser, by contrast, CMS took no
further action, reiterating instead the reasoning of the CMS
contractor that declined to vacate the dismissal of Plaintiff

Heiser's administrative appeal as untimely filed.  (Wright Decl. ¶¶ 4-5.)

In fact, the record in this case demonstrates that Plaintiff Heiser's administrative appeal suffered from various forms of mismanagement by both parties to this litigation.  The late Ms. Heiser was particularly badly served by a cascade of delays and errors by CMS and its contractor in processing her simple request for a waiver.  Plaintiff Heiser, through her personal injury attorney, initially sent her request for a waiver to CMS on November 29, 2005, arguing waiver was warranted due to financial hardship.  (Pls.' Reply Br. Ex. 5.)  On February 7, 2006, CMS initially denied her waiver request, apparently more than two months later than required by regulation. (Id. Ex. 6.) See 42 C.F.R. § 405.922 (setting a 30-day time period for processing initial determinations).  On February 24, 2006, Heiser requested reconsideration of that denial.  (Id. Ex. 7.)  On March 1, 2006, a contractor for CMS sent Heiser a letter notifying her of its intent to refer her debt to the Department of Treasury for collection, potentially through offsets of her other federal benefits.  (Id. Ex. 8.)  This letter was apparently in violation of internal agency policy, as Heiser's claim was still subject to an administrative appeal, and was sent due to CMS's "administrative error." (See Defs.' Supplemental Br. Nov. 15, 2007, Docket Item 21, at 7-8).

7

On March 1, 2007, Ms. Heiser, now represented by new counsel, joined with the other Plaintiffs in this case and brought the instant action.  On October 11, 2007, the CMS contractor issued its redetermination, affirming the initial determination and notifying her that she had 180 days from the date of receipt of the letter to appeal the decision for a reconsideration.  (Pls.' Reply Br. Ex. 9.)  This redetermination appears to have been sent by the CMS contractor nearly eighteen months late, according to federal regulation.  See 42 C.F.R. § 405.950(a) (setting 60-day time period for issuing redetermination decision).  The redetermination was also sent to her former attorney rather than her present attorney, who had notified CMS of its representation of Ms. Heiser in the previous April.  On October 26, 2007, a CMS contractor again sent Heiser a notice of intent to refer her debt to Treasury for collection, another "administrative error" by CMS in violation of agency policy.  (Defs.' Supplemental Br. Ex. 2.)

After this Court issued its Opinion and Order on March 31, 2008, requiring that Plaintiff Heiser fully exhaust her administrative appeals before seeking judicial review, and being assured by counsel for the Defendants that her claim would receive an expedited agency review, Heiser sent her request for reconsideration on April 17, 2008.  (Pls.' Reply Br. Ex. 10.)  The request for reconsideration was received by CMS's contractor

8

on April 21, 2008.  (Defs.' Opp. Ex. D.)  This request for reconsideration marks the first time Plaintiff Heiser requested a waiver on the grounds asserted in the Complaint filed in this Court, that Medicare is not entitled to repayment under New Jersey law.  The contractor dismissed Heiser's appeal as untimely filed by one week, calculating April 14, 2008 as the last day Heiser's appeal would have been timely.  (Pls.' Mot. to Reopen Ex. G.)  Heiser appealed the dismissal on August 18, 2008, but received no response for several months and sent a second appeal letter on January 5, 2009.  (Id. Ex. H.)  Plaintiff's appeal of the dismissal was finally denied by the CMS contractor in a letter dated February 10, 2009, explaining that the appeal did not provide adequate good cause for the untimeliness of the April 17, 2008 request for redetermination.  (Defs' Opp. Ex. C.) Plaintiffs' counsel represents to the Court that this letter was never received.  (Pls.' Reply at 9.)

Defendants argue that there are no grounds to vacate the Court's March 31, 2008 Order and reinstate the Complaint, as the claims of Plaintiffs Burke, Merrifield, and Oberlander are now moot, and the Court continues to lack subject matter jurisdiction over the claim of Plaintiff Heiser under 42 U.S.C. § 405(g) because, having dismissed her appeal as untimely rather than considered the appeal on the merits, the agency has not issued a

final decision on her case.[2]


**III. DISCUSSION**

    **A.   Relief under Rule 60(b)**

    "The general purpose of Rule 60(b) is to strike a proper balance between the conflicting principles that litigation must be brought to an end and that justice must be done." <u>Coltec Indus., Inc. v. Hobgood</u>, 280 F.3d 262, 271 (3d Cir. 2002) (quoting <u>Boughner v. Sec'y of Health, Educ. & Welfare</u>, 572 F.2d 976, 977 (3d Cir. 1978)).  The interest in finality is profound and so "relief under Rule 60(b) is extraordinary and requires a 'showing of exceptional circumstances.'" <u>Rolo v. City Investing Co. Liquidating Trust</u>, 155 F.3d 644, 654 (3d Cir. 1998) (quoting <u>Marshall v. Bd. of Educ.</u>, 575 F.2d 417, 425-26 (3d Cir. 1978)), <u>abrogation</u> <u>on</u> <u>other</u> <u>grounds</u> <u>recognized</u> <u>by</u> <u>Forbes v. Eagleson</u>, 228 F.3d 471 (3d Cir. 2000).  Rule 60(b) offers six distinct grounds for vacating an order.  Plaintiffs appear to argue that relief is warranted under both Rule 60(b)(2), for newly discovered evidence, as well as Rule 60(b)(6), for other reasons that justify relief.  Whether to grant a motion for relief from final

---

    [2] Because the Defendants' actions attempting to satisfy Plaintiffs' claims did not occur until after Plaintiffs filed the instant motion, Plaintiffs were unable to respond to Defendants' mootness argument until their reply brief. [Docket Item 43.] Consequently, the Court requested that Defendants file a surreply brief responding to Plaintiffs' mootness arguments, which they filed on February 14, 2011. [Docket Item 47.]

judgment is left to the sound discretion of the trial court.
<u>Hodge v. Hodge</u>, 621 F.2d 590, 593 (3d Cir. 1980).

**B.   Mootness: Plaintiffs Burke, Merrifield and Oberlander**

For the reasons to be discussed, the Court will deny the
motion to vacate this Court's March 31, 2008 Order of dismissal
for Plaintiffs Burke, Merrifield and Oberlander.  In order to
prevail on a Rule 60(b) motion, Plaintiffs must present a
meritorious ground for relief.  <u>In re Nazi Era Cases Against
German Defs. Litig.</u>, 236 F.R.D. 231, 238 (D.N.J. 2006); <u>Lepkowski
v. Dep't of Treasury</u>, 804 F.2d 1310, 1314 (D.C. Cir. 1986).  The
Court will not vacate final judgment, where such action would be
futile.

As the Court has previously held in both its March 31, 2008
Opinion and its June 30, 2009 Opinion, the Court has jurisdiction
under Article III of the U.S. Constitution to hear only "cases"
and "controversies" in which the parties have a personal stake.
<u>United States Parole Comm'n v. Geraghty</u>, 445 U.S. 388, 396
(1980).  Thus, once Plaintiffs' claims for waiver and/or
reimbursement were satisfied, there ceased to be any legal
dispute pending with regard to these Plaintiffs.  Defendants
argue, consequently, Plaintiffs' motion to vacate the March 31,
2008 Order of dismissal is futile as to Plaintiffs Burke,
Merrifield and Oberlander because any ongoing claims would be
moot.

Plaintiffs respond that the case escapes mootness under three separate exceptions to the general mootness doctrine. First, Plaintiffs argue that the Defendants' voluntary waiver and/or reimbursement of Plaintiffs' claims constitutes a voluntary cessation capable of recurrence, as described in Friends of the Earth, Inc. v. Laidlaw Environmental Services, Inc., 528 U.S. 167, 189-90 (2000).  Second, Plaintiffs argue that the waiver and reimbursement fits within the "capable of repetition, yet evading review" doctrine applied in Olmstead v. L.C., 527 U.S. 581, 594 n.6 (1999).  Finally, Plaintiffs argue that, because their Complaint seeks to bring a class action on behalf of all similarly situated persons, the "buying off" of the individually named Plaintiffs in this case does not moot the controversy for other members of the class, citing to Deposit Guaranty Nat'l Bank v. Roper, 445 U.S. 326, 338-39 (1980).

Plaintiffs' first two arguments fail because their particular claims fall outside the bounds of the exceptions.  In both "voluntary cessation capable of recurrence" as well as "capable of repetition, yet evading review" doctrines, federal courts have been careful to restrict application of the exceptions to plaintiffs who could potentially suffer recurrence or repetition of the harm individually.  It is not enough to argue that the injury may be repeated as to some other individual.  See Friends of the Earth, 528 U.S. at 193

12

(concluding that claim was not moot because defendant treatment plant could resume pollution in the future, thus continuing to injure plaintiff's members personally); <u>Olmstead</u>, 527 U.S. at 594 n.6 (holding that claim is not moot despite plaintiffs' transfer to particular desirable treatment programs because the history of the case demonstrated that plaintiffs might be transferred back to undesirable programs).  In the instant case, by contrast, Plaintiffs argue that the injuries allegedly suffered by these Plaintiffs could be suffered by other Medicare recipients.  The Court cannot expand the mootness exceptions to encompass such bystander concerns.

Regarding Plaintiffs' class action argument, Defendants respond that the <u>Roper</u> exception cited by Plaintiffs applies only to cases where the named plaintiffs have moved to certify a class before their claims are rendered moot.  <u>See</u> <u>Brown v. Philadelphia Housing Auth.</u>, 350 F.3d 338, 343 (3d Cir. 2003) ("when claims of the named plaintiffs become moot before class certification, dismissal of the action is required"); <u>Lusardi v. Xerox Corp.</u>, 975 F.2d 964, 981 (3d Cir. 1992) (holding that general mootness rules apply to named plaintiff in putative class action with the narrow exception that "a named plaintiff can appeal an adverse decision on class certification if, at the time the decision was rendered, or, at a minimum, at the time the class certification motion was filed, that plaintiff had a live claim.").

13

Consequently, because the Plaintiffs here had not filed a motion to certify a class before their individual claims became moot, the fact that Plaintiffs filed a putative class action complaint should not affect the Court's mootness analysis.  The Court agrees with Defendants that because Plaintiffs have not been found to represent a class of interests, and have not moved to certify such a class, the expiration of their individual controversies must render their case moot.

Defendants helpfully mention the Third Circuit case of Weiss v. Regal Collections, 385 F.3d 337 (3d Cir. 2004), which narrowly expanded the class action exception to mootness.  The Court agrees with Defendants that Weiss does not apply in the instant case.  In Weiss, the plaintiff brought a claim under the Fair Debt Collections Practices Act ("FDCPA") in a class action complaint.  Id. at 339.  Before the plaintiff moved to certify a class, the defendants made a Fed. R. Civ. P. 68 offer of judgment to the plaintiff for the maximum individual recovery under the statute.  Id.  The Third Circuit reasoned that, because Congress created a separate statutory damages scheme under the FDCPA for class action damages, which would be rendered meaningless if putative class action defendants could pick off any individual plaintiff with a relatively inexpensive Rule 68 offer before the plaintiff could move to certify a class, that a small exception to the mootness rule should be created for such situations.  Id.

14

at 345-49.  Consequently, the Court interpreted Rule 68 offers in light of the goals of Rule 23 and the FDCPA to allow individual claims to survive an involuntary Rule 68 offer to pursue statutory class action damages.  Id. at 349.

The Court holds that, to the extent that Weiss expands the mootness doctrine, the Plaintiffs here fall outside it.  Unlike the plaintiff in Weiss, Plaintiffs here were jurisdictionally required to present their claims to the agency under 42 U.S.C. § 405(g) before seeking relief in the District Court.  Merrifield, 2008 WL 906263 at *14-15.  Therefore, they cannot be said to have been "pick[ed] off" in the manner contemplated in Weiss when they prevail before the agency.  The presentation of these Plaintiffs' claims in the administrative process, as they were required to do before resorting to judicial review, resulted (although belatedly) in the satisfaction of their claims prior to their ripening into final administrative decisions reviewable in this Court.  See LaVallee Northside Civic Ass'n v. Virgin Islands Costal Zone Mgmt. Comm'n, 866 F.2d 616, 620 ("the most compelling reason for favoring administrative exhaustion is the strong possibility that the dispute may become moot if the party ultimately prevails before the agency, thus obviating the occasion for judicial review.").

Consequently, the Court holds that the claims of Plaintiffs Burke, Merrifield and Oberlander are moot, and therefore the

15

Court will deny the Rule 60(b) motion to vacate dismissal because doing so would be futile as to these Plaintiffs.

### C.    Exhaustion and Waiver: Plaintiff Heiser

Unlike the other Plaintiffs in this case, Plaintiff Heiser's claim has not become moot because Defendants have not granted her request for a waiver.  Indeed, Defendants stated that they will not grant her such a waiver, having issued a final dismissal of Heiser's administrative claim as of February 10, 2009.

Plaintiff Heiser argues that the newly discovered evidence of the continued problems and delays experienced by all four moving Plaintiffs in this case establishes that the Court should vacate its March 31, 2008 Order dismissing Plaintiff Heiser's claim for lack of subject matter jurisdiction and hear her claims on the merits.[3]  Plaintiff offers three arguments for vacating the Order.  First, Plaintiff argues that the post-dismissal history demonstrates that, contrary to the Court's initial holding, the Court should determine that the case arises under 28 U.S.C. § 1331 instead of § 405(g) because of the "functional unavailability of administrative recourse" (Pls.' Reply at 10 n.6), presumably satisfying the exception to § 405(g) jurisdiction recognized in Bowen v. Michigan Academy of Family

---

[3] It is also possible, though unclear from the motion papers, that Plaintiff Heiser seeks this Court's review of the untimeliness determination itself.  The Court will address this issue infra after discussing why it continues to lack subject matter jurisdiction to hear her claim on the merits.

16

_Physicians_, 476 U.S. 667 (1986) ("_Michigan Academy_").  Second, Plaintiff argues that, even if the Court determines that _Michigan Academy_ still does not apply, once the agency dismissed her untimeliness appeal, leaving her without any further administrative appeals, the agency provided her with a "final decision" as required under § 405(g).  Finally, Plaintiff argues that, even if the untimeliness dismissal is not a final decision on the merits of her claim, the Court should waive the requirement of full exhaustion as to her claim in light of the factors and policy articulated in _Matthews v. Eldridge_, 424 U.S. 319, 330 (1976).

While the Court is frustrated by the inequity of her situation, it is not persuaded that existing law permits it to vacate its determination that it lacks subject matter jurisdiction over Ms. Heiser's claim.

As to Plaintiff Heiser's first argument, the Court finds that, despite the delays and frustrations, Plaintiff has not demonstrated a functional unavailability of administrative relief necessary to qualify for the _Michigan Academy_ exception.  As the Supreme Court explained in _Shalala v. Illinois Council on Long Term Care, Inc._, 529 U.S. 1 (1999), plaintiffs seeking to fit within the _Michigan Academy_ exception must show more than

> that postponement would mean added inconvenience or cost in an isolated, particular case.  Rather, the question is whether, as applied generally to those covered

17

> by a particular statutory provision, hardship
> likely found in many cases turns what appears
> to be simply a channeling requirement into
> <u>complete</u> preclusion of judicial review. . .
> [rather than merely] isolated instances of the
> inconveniences sometimes associated with the
> postponement of judicial review.

<u>Id.</u> at 22-23 (emphasis original).  In the instant case, Plaintiff

Heiser has demonstrated that all four Plaintiffs have personally

experienced postponement and delay by the agency (often in

violation of express deadlines contained in federal regulation),

but she has not demonstrated that the administrative process

systematically operates to deny all such claimants relief or

access to judicial review.  Indeed, all Plaintiffs except

Plaintiff Heiser eventually received relief under the

administrative process.  Plaintiff Heiser argues that the fact

that relief was only finally afforded Plaintiffs Burke,

Merrifield and Oberlander after they returned again, for a second

time, to this Court demonstrates that relief outside judicial

review is not available to claimants such as themselves.

However, Defendants have offered the competent testimony of

Barbara Wright, an administrator with Defendant CMS, who was able

to account for the delays in resolution experienced by Plaintiffs

Burke, Merrifield and Oberlander, and explain why their

experience has been unusually disorganized.  (Wright Decl.

attached to Defs.' Surreply.)

    Specifically, Ms. Wright explains that Plaintiff Burke's

18

case was neglected because CMS had transferred the responsibility of processing her claims from one contractor to another. (Wright Decl. ¶¶ 5-6.) Plaintiffs Merrifield and Oberlander, by contrast, "suffered a lack of administrative process" due to a faulty notation system designed to indicate which cases were subject to district court litigation, which Ms. Wright attests has since been changed to prevent this sort of delay. (Id. ¶¶ 7-8, 12.) However, Ms. Wright testifies that these cases "were exceptions to an administrative process which properly handles thousands of cases, but failed to expeditiously move these three cases to a rightful conclusion." (Id. ¶ 9.) The Court consequently finds that Plaintiff Heiser has not shown more than isolated instances of faulty process, as required under Shalala. Thus, the Court will not vacate its determination that Plaintiff's case arises under § 405(g).

Regarding Plaintiff Heiser's second argument, that the agency's dismissal of her untimely appeal constitutes a final decision sufficient to exhaust her administrative claims under § 405(g), the Court again finds Plaintiff's argument unavailing. Consistent precedent establishes that a dismissal of an administrative appeal as untimely does not constitute a final decision under § 405(g). See Heckler v. Ringer, 466 U.S. 602, 606 (1984) (defining "final decision" under § 405(g) as occurring "only after the individual claimant has pressed his claim through

all designated levels of administrative review."); Bacon v.
Sullivan, 969 F.2d 1517, 1519 (3d Cir. 1992) (dismissal of
administrative appeal as untimely filed does not normally
constitute a "final decision"); Callender v. Soc. Sec. Admin.,
275 F. App'x 174, 176 (3d Cir. 2008) (same).  Consequently, the
Court is unable to find subject matter jurisdiction on this
ground over Plaintiff Heiser's claim on the merits.

    Finally, the Court likewise cannot vacate its March 31, 2008
Order and reopen the case as to Plaintiff Heiser by waiving the
requirement of full exhaustion under Matthews v. Eldridge because
the Court remains convinced that the factors and policies of
administrative exhaustion and waiver do not favor waiver on this
record.

    The Court concluded in its original Opinion that Plaintiff
Heiser's claims are not "entirely collateral" to a claim for
benefits as required under Matthews v. Eldridge.  Merrifield,
2008 WL 906263 at * 15.  The Court also determined that
Plaintiffs had not shown that exhausting their claims would
result in irreparable injury.  Id. at * 17.  Plaintiff Heiser
makes no argument in the instant motion that would enable the
Court to reconsider this determination.[4]

_____

    [4] Plaintiff gestures to the language in Bailey v. Sullivan,
885 F.2d 52, 65 (3d Cir. 1989) that a claim of "systemwide
misapplication" should be treated as collateral, but offers no
reason why the Court would vacate its original determination that
Plaintiffs here are not making such a claim.

20

Plaintiff does, however, argue that the subsequent three years of administrative delays and recalcitrance on the part of Defendants should cause the Court to reevaluate its decision not to waive exhaustion under the "policies underlying the exhaustion requirement" as described in Bowen v. New York, 476 U.S. 467, 484 (1986).  Reminding the Court that it is not to "mechanically apply" the two Eldridge factors, but should, instead, consider whether the purposes of requiring exhaustion are served by the present case, Plaintiff argues that, in light of the facts of this case, these purposes would not be served.

The policies underlying exhaustion were identified in Bowen v. New York as the following: "'preventing premature interference with agency processes, so that the agency may function efficiently and so that it may have an opportunity to correct its own errors, to afford the parties and the courts the benefit of its experience and expertise, and to compile a record which is adequate for judicial review.'"  Id. (quoting Weinberger v. Salfi, 422 U.S. 749, 765 (1975)).  Plaintiff Heiser argues that the delays in resolving the administrative appeals of all four Plaintiffs demonstrate that waiving full exhaustion for Plaintiff Heiser's claim would no longer create "premature interference with agency processes" or prevent the agency from "correct[ing] its own errors."  Further, Plaintiff argues that the Court's original determination that efficiency weighs in favor of waiving

21

exhaustion has only strengthened in the intervening three years.

The Court concludes that on the facts of Plaintiff Heiser's case, it is unable to waive full exhaustion to hear her claim on the merits.  The Court notes that CMS and its contractors have only issued decisions regarding Plaintiff Heiser's request for a waiver on the grounds of financial hardship.  The agency was first presented with Ms. Heiser's legal claims as presented in her Complaint in her April 17, 2008 request for reconsideration, which was dismissed as untimely.  Thus, the agency has never provided an answer as to Plaintiff Heiser's argument on the merits.  Even assuming that the jurisdictional bar of presentment has been satisfied on this issue,[5] the fact that the agency has issued no decision on the legal claim Plaintiff Heiser seeks to litigate before this Court weighs heavily against waiving full exhaustion.  While it seems clear to the Court that many of the purposes of exhaustion do not favor requiring full exhaustion here in light of the negligent treatment CMS has given Ms. Heiser's claim, the absence of any administrative record to

_____

[5] Under Matthews v. Eldridge, a district court hearing a case under § 405(g) jurisdiction can only waive full exhaustion of a claim but cannot waive the initial "presentment" of that claim to the agency.  424 U.S. at 328 (holding that without presentment, "there can be no 'decision' of any type. And some decision by the Secretary is clearly required by the statute.").  This Court concluded in its March 31, 2008 Opinion that Plaintiff Heiser satisfied the presentment requirement by simply filing her initial request for a waiver.  Merrifield, 2008 WL 906263 at *14.  The parties do not raise the issue of presentment in the present motion, so the Court will not reconsider its decision here.

review prevents the Court from vacating its prior Order declining to waive exhaustion.  In short, there simply is not a sufficient decision by the agency in Ms. Heiser's case for the Court to exercise judicial review.

One final issue merits consideration: whether the Court should exercise judicial review of the dismissal of Plaintiff Heiser's claim as untimely.  The Court notes that it is unsure whether Plaintiff Heiser has requested such review before this Court, but notes the several points in the motion papers where Plaintiff's counsel describes the unfairness of the decision to dismiss her appeal as untimely after CMS's contractors have repeatedly missed their own regulatory deadlines in responding to her initial requests.  The Court also credits Defendants' citation to Tudor v. Shalala, 863 F. Supp. 119, 121-22 (E.D.N.Y. 1994) for the proposition that ordinarily a district court lacks jurisdiction under § 405(g) to review an agency's dismissal on untimeliness grounds because such a dismissal is not a "final decision" within the meaning of the statute.  The Court is aware of precedent in this Circuit ruling similarly.  However, in Bacon v. Sullivan, 969 F.2d 1517, 1521 (3d Cir. 1992), the Circuit reasoned that "[u]nder certain limited circumstances, [the agency's] determination not to review a claimant's late filing may constitute a 'final decision' for purposes of judicial review" if the plaintiff has "raised a colorable constitutional

23

claim that his due process rights were violated." See also Deleon v. Comm'r of Soc. Sec., 191 F. App'x 88, 90-91 (3d Cir. 2006) (affirming exercise of § 405(g) jurisdiction to hear complaint of dismissal of agency claim as untimely on constitutional grounds).

As the Plaintiff does not clearly seek review of the dismissal as untimely in this motion, however, the Court will not reopen the case on that basis.  The Court could only consider reopening the case on such grounds if Plaintiff Heiser were to move to file an amended complaint in which she seeks the Court's review of the dismissal as untimely on constitutional grounds. Even such a motion, however, would face significant hurdles, not least explaining why such an appeal would not have expired 60 days after the final dismissal as untimely under § 405(g).

In sum, the Court concludes, as it did in its March 31, 2008 Opinion, that the requirement of exhaustion in § 405(g) should not be waived to hear Plaintiff Heiser's claim on the merits because the Plaintiff asserts a claim for benefits and that the purposes of exhaustion do not support waiving full exhaustion on this record.  See Bowen v. New York, 476 U.S. at 485. Additionally, the Court will not reopen the case to review the agency's dismissal of Plaintiff Heiser's appeal as untimely because she has not clearly requested such relief and has not presented the Court with a complaint challenging the untimeliness

24

decision as unconstitutional.

## IV.   CONCLUSION

For the foregoing reasons, the Court will deny the motion for relief from judgment under Rule 60(b), Fed. R. Civ. P., presented by Plaintiffs Burke, Merrifield, Oberlander and Heiser. The Court is frustrated by the inequitable result for Plaintiff Heiser, where the agency has handled the processing of her administrative claims so poorly and yet dismissed her seemingly meritorious claim for such a non-prejudicial and minor delay in filing.  However, equitable principles do not control the Court's jurisdiction.  Finally, the motion to substitute Jean Huston as successor in interest to Linda French Heiser will be granted.

The accompanying Order will be entered.


__March 28, 2011__                          __ s/ Jerome B. Simandle __
Date                                        JEROME B. SIMANDLE
                                            United States District Judge